Michael D. O'Brien, OSB 951056
Theodore J. Piteo, OSB 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Of Attorneys for Crimson Investment Group, LLC*

*Application authorizing employment currently pending

IN THE BANKRUPTCY COURT OF THE UNITED STATES
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re: | ) | Case No. 16-32747-tmb11 |
| | ) | |
| Crimson Investment Group, LLC | ) | APPLICATION FOR EMPLOYMENT |
| | ) | OF CPA FOR DEBTOR IN |
| | ) | POSSESSION |
| Debtor-in-possession. | ) | |

Pursuant to 11 USC §327 of the U.S. Bankruptcy Code ("the Code") Crimson Investment Group, LLC, debtor-in-possession (hereafter "Applicant",) hereby applies to the Court for an order approving the employment of Douglass Harmon, CPA, LLC and specifically, R. Nikki Douglass-Harmon as its accountant. In support of this application, Applicant represents as follows:

1) Applicant filed its petition for relief under chapter 11 of the Code on July 14, 2016. Applicant is presently serving as debtor-in-possession.

2) Applicant is not sufficiently familiar with the tax preparation duties of the debtor in possession to properly prepare its 2015/2016 tax returns and will need an accountant to assist for proper compliance.

3) Applicant wishes to employ the CPA firm of Douglass Harmon, CPA, LLC, and particularly R. Nikki Douglass-Harmon, 113 NW Third Ave, Canby, OR 97013, as its accountant.

PAGE 1 - APPLICATION FOR EMPLOYMENT OF PROFESSIONAL

4) Applicant desires that Nikki assist it for all purposes related to monthly 2015 report preparation and completion of its tax returns.

5) Applicant wishes to have Nikki compensated by the estate for her accounting fees at her usual and customary hourly rates and reimburse her reasonable and necessary costs incurred in connection with this case. Such compensation shall be subject to the approval of this Court and requests for compensation shall be in compliance with the Code and federal and local rules of bankruptcy procedure. The names, initials, and current billing rates of the individuals who are expected to perform work on this case include:

    a) R. Nikki Douglass-Harmon, RNH, Certified Public Accountant  -  $206/hour

    b) Kalie R. Douglas, KED, Tax Preparer/Bookkeeper    $115/hour

    c) Michelle E. Corcoran, MEC, Accounting Assistant    $80/hour

6) To the best of Applicant's knowledge, Nikki does not have any connection with Applicant's creditors, any other party in interest, or their respective attorneys or accountants except as stated in the Rule 2014 Verified Statement of Proposed Professional submitted with this application.

Dated this   29th   day of July, 2016

                                          Respectfully Submitted By:

                                          /s/Tracey Baron, Manager_____
                                          Tracey Baron, Manager, Debtor-in-Possession

In re )
) Case No. _____
)
) RULE 2014 VERIFIED STATEMENT
Debtor(s) ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

                                                                                         _____
                                                                                                           Applicant

In re Crimson Investment Group, LLC
Case No. 16-32747-tmb11

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2016, I served the foregoing "**Application for Employment of Accountant for Debtor in Possession"** on the following parties by mailing to each at the address below in a sealed envelope, with postage prepaid, and deposited in the United States Post Office:

See Attached Current Court Mailing Label List

On the following parties by hand delivery:

Crimson Investment Group, LLC
c/o its Manager, Tracey Baron

I further certify that the following person(s) will be served electronically via ECF when the foregoing document is filed with the court:

JESSE A BAKER on behalf of Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for First F
ecforb@aldridgepite.com, JPB@ecf.inforuptcy.com;jbaker@aldridgepite.com

THEODORE J PITEO on behalf of Debtor Crimson Investment Group, LLC
ted@pdxlegal.com, enc@pdxlegal.com;hugo@pdxlegal.com;reception@pdxlegal.com;seven@pdxlegal.com

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

                                               /s/Theodore J Piteo_____
                                               Michael D. O'Brien & Associates, P.C.
                                               Theodore J Piteo, OSB 090311
                                               Of Attorneys for Debtors- in-Possession

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0979-3<br>Case 16-32747-tmb11<br>District of Oregon<br>Portland<br>Fri Aug  5 13:16:28 PDT 2016 | Crimson Investment Group, LLC<br>1701 SE Oak Shore Ln<br>Portland, OR 97267-3628 | 1001 SW 5th Ave #700<br>Portland, OR 97204-1141 |
| Birds of Paradise Investment Inc<br>507 22nd Ave<br>Saint Petersburg, FL 33704-4347 | DJ Property Soultions, LLC<br>2296 Deer Creek Way<br>Springville, UT 84663-3259 | Darrel L Deem<br>525 B Street<br>Salt Lake City, UT 84103-2547 |
| Darrell Deem Self-Directed IRA<br>525 B Street<br>Salt Lake City, UT 84103-2547 | David & Janine Law<br>2296 Deer Creek Way<br>Springville, UT 84663-3259 | David Law Self Directed IRA<br>2296 Deer Creek Way<br>Springville, UT 84663-3259 |
| Deem Investments Company<br>525 B Street<br>Salt Lake City, UT 84103-2547 | Deem Realty Funding<br>525 B Street<br>Salt Lake City, UT 84103-2547 | Deutsche Bank National Trust Co.<br>222 South Riverside<br>Chicago, IL 60606-6114 |
| Ditech Financial, LLC<br>Bankruptcy Dept.<br>1100 Virginia Drive<br>Fort Washington, PA 19034-3204 | Ellen F. Rosenblum,  Attorney General<br>100 Justice Building<br>1162 Court St. NE<br>Salem, OR 97301-4095 | (p)FRANKLIN CREDIT MANAGEMENT CORP<br>101 HUDSON STREET<br>25TH FLOOR<br>JERSEY CITY NJ 07302-3984 |
| Huntington National Bank<br>7 Easton Oval<br>Columbus, OH 43219-6060 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Kimco Properties<br>22060 SE 442nd Ave<br>Sandy, OR 97055-8443 |
| Law Office of Steven W. Shaw<br>PO Box 50840<br>Provo, UT 84605-0840 | Michelle & Dustin Rylands<br>402 SE 51st St.<br>Auburn, WA 98092-9510 | (p)NATIONSTAR MORTGAGE LLC<br>PO BOX 619096<br>DALLAS TX 75261-9096 |
| Oregon Affordable Housing Assistance<br>725 Summer Street NE, Suite B<br>Salem, OR 97301-1266 | Oregon Department Of Revenue<br>Bankruptcy Notice Dept.<br>955 Center Street,  NE<br>Salem, OR 97301-2555 | Shapiro & Sutherland, LLC<br>1499 SE Tech Center Place,  #255<br>Vancouver, WA 98683-5550 |
| (p)SPRINGLEAF FINANCIAL SERVICES<br>P O BOX 3251<br>EVANSVILLE IN 47731-3251 | US Trustee, Portland<br>620 SW Main St #213<br>Portland, OR 97205-3026 | THEODORE J PITEO<br>Michael D. O'Brien & Associates<br>12909 SW 68th Pkwy<br>Suite 160<br>Portland, OR 97223-8399 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).