SHAWN P. RYAN, OSB #901137
Gus Solomon Courthouse
620 SW Main Street, Suite 612
Portland, Oregon 97205
(503) 417-0477

Attorney for Kimco Properties, LTD

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re Crimson Investment Group, LLC )<br>)<br>)<br>)<br>Debtor. )<br>)<br>)<br>) | Case No. 16-32747-tmb11<br><br>MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 and OBJECTION TO DISMISSAL |

  Prefiling Conference Certification: Pursuant to Local Bankruptcy Rule 7007-1(a), the undersigned counsel hereby certifies that a good faith effort was made to confer by telephone conference with opposing counsel, which efforts included: multiple settlement offers and telephone conversations since the August 23, 2017 hearing, which, though very close to agreement, have not concluded in an agreement on plan treatment. The undersigned counsel provided an early draft of this motion to Debtor's counsel on August 25, 2017.

  Pursuant to 11 U.S.C. Section 1112(b), Kimco Properties, LTD ("Kimco") respectfully requests that this case be converted to a case under chapter 7 for cause, including: 1) Debtor's bad faith in proposing its disclosure statements without disclosing to creditors the existence of the possibility of developing a second lot at 3004 SE 62nd Avenue,

MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7
AND OBJECTION TO DISMISSAL
Page 1

LAW OFFICE OF SHAWN P. RYAN
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477 FAX (503) 417-0475

Case 16-32747-tmb11    Doc 170    Filed 10/25/17

Portland, Oregon ("62nd Avenue"), which lot has significant value; 2) Debtor's inability to propose a confirmable plan of reorganization within 13 months of filing the case; 3) Debtor's manager misusing money and breach of fiduciary responsibilities in two other related chapter 11 cases filed in this Court; 4) Debtor's use of cash collateral without a Court Order or agreement with the secured creditor; and 5) Debtor firing or attempting to fire his counsel without having new counsel ready to prosecute the case.

Conversion is a better alternative to dismissal because the estate currently has $56,000-$60,000 of cash that 1) is partially Kimco's collateral and 2) some of which is not collateral for secured creditors and would be available to pay creditors in a chapter 7 case. If the case is converted the estate's cash will be protected by a trustee. If the case is dismissed, the estate's cash will not be under any controls and Tracey Baron will have the opportunity to transfer, spend, or otherwise abscond with the cash.

Pursuant to 11 U.S.C. Section 1112(b), the Court has discretion to dismiss or convert a chapter 11 case for cause upon the motion of a party in interest. *In re Johnston,* 149 B.R. 158, 161 (9th Cir. BAP 1992). In choosing between conversion and dismissal, the Court is to balance the best interests of the creditors and the estate. §1112(b)(1) and *In re Staff*, 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992). Section 1112(b)(4) provides a nonexclusive list of reasons to find "cause."

<u>Debtor Has Acted in Bad Faith.</u>

At the August 23, 2017 hearing the Court found that Debtor had acted in bad faith in failing to disclose—through three iterations of disclosure statements--the existence of the possibility of developing a second lot at 62nd Avenue, which lot has significant value. Even after Kimco had presented evidence at the June 1, 2017 confirmation hearing of the existence

MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7
AND OBJECTION TO DISMISSAL
Page 2

**LAW OFFICE OF SHAWN P. RYAN**
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(703) 417-0477 FAX (503) 417-0475

Case 16-32747-tmb11    Doc 170    Filed 10/25/17

of the possibility of developing a second lot at 62nd Avenue, Debtor continued in its failure to disclose the valuable asset. In the Third Amended Disclosure Statement [Doc. 127], Debtor valued 62nd Avenue at $375,000. At the August 23, 2017 confirmation hearing, Debtor presented evidence that 62nd Avenue was worth $458,000. The Court specifically found that such lack of disclosure to creditors and parties in interest was bad faith.

If merely disclosing the value of 62nd Avenue in a Fourth Amended Disclosure Statement was the remedy for a bad faith disclosure, then there would be no incentive for a debtor to make adequate disclosure in the first place. This is not a matter of the Third Amended Disclosure Statement merely having inadequate information. There was a specific finding of bad faith in the lack of disclosure. The remedy for a bad faith disclosure must have some teeth and Debtor must have a consequence for its attempt to hide the value of its assets from its creditors.

Debtor's Inability to Timely Confirm a Plan.

After the August 23, 2017 confirmation hearing, the Court gave Debtor an unspecified, but short, amount of time to take other action to prosecute the case. Debtor has not proposed a fourth amended plan of reorganization, even though more than two months have elapsed since the August 23, 2017 hearing. On October 23, 2017, Debtor attempted to terminate its counsel for this case and other related chapter 11 cases pending in this Court. Debtor has not proposed new counsel to prosecute this case. If Debtor is allowed to terminate its present counsel and hire new counsel, creditors will be unduly delayed as new counsel learns the history and facts of this case, and proposes a method for reorganizing Debtor.

MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7
AND OBJECTION TO DISMISSAL
Page 3

**LAW OFFICE OF SHAWN P. RYAN**
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477  FAX (503) 417-0475

Case 16-32747-tmb11    Doc 170    Filed 10/25/17

Tracey Baron Should Not Be a Fiduciary.

Two other related chapter 11 cases, in which Debtor's manager, Tracey Baron, and sole owner, is also the manager and owner, have been dismissed by this Court on motion of the U.S. Trustee for multiple violations of Court rules for unauthorized and undisclosed post-petition transfers of money, failure to deposit income into those debtors' bank accounts, use of cash collateral without court authorization, filing misleading monthly reports, and gross mismanagement. See *In re Turning Leaf Homes IV, LLC*, 17-30353-tmb11 and *In re Turning Leaf Homes V, LLC*, 17-31944-tmb11. Tracey Baron has the same fiduciary duties in this case as he did in the two Turning Leaf Homes chapter 11's. His breach of his fiduciary duties in those chapter 11's would be grounds for removing him as the responsible party in this case. However, converting this case to a chapter 7 case would automatically initiate the appointment of a chapter 7 trustee and avoid the need to appoint a new responsible party or trustee in this case. Further, if a new responsible party or trustee were appointed in this case, the creditors in the case would suffer the same undue delay in attempting confirmation of a fourth plan of reorganization as would be the case, if new counsel for Debtor were appointed.

Debtor Has Used Cash Collateral Without Authority.

Kimco has a security interest in the rents generated by 62nd Avenue pursuant to both deeds of trust held by Kimco. Debtor has never sought agreement from Kimco or its predecessor in interest to use such rents. There is also no Court order on record allowing Debtor use of the cash collateral. Section 1112(b)(4)(D) provides that unauthorized use of cash collateral that is substantially harmful to one or more creditors constitutes grounds for

MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7
AND OBJECTION TO DISMISSAL
Page 4

**LAW OFFICE OF SHAWN P. RYAN**
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(703) 417-0477 FAX (503) 417-0475

Case 16-32747-tmb11    Doc 170    Filed 10/25/17

dismissal. Contrary to 11 U.S.C. Section 363(c)(2), Debtor did not have agreement or court order to use the rents from 62nd Avenue.

The monthly reports filed by Debtor, the bank statements provided to Kimco by Debtor, and Debtor counsel's statements all evidence that Debtor has been using the rents collected to pay various expenses. Debtor has failed to account for the rents, failed to provide basic documents to evidence the expenses paid, though such documents have been repeatedly requested. Moreover, it is unclear whether Debtor has even deposited all collected rents into the DIP account.

Such unauthorized use of Kimco's cash collateral shows a blatant disregard for the integrity of the bankruptcy process. See *In re Visicon S'holders Trust*, 478 B.R. 292, 314 (Bankr. S.D. Ohio 2012), *In re Fall*, 405 B.R. 863, 870 (Bankr. N.D. Ohio 2008). Debtor should not be allowed to continue to use Kimco's cash collateral. Converting this case to a chapter 7 case will impose a trustee who can administer the assets in compliance with the Bankruptcy Code.

<u>The Case Should be Converted, Not Dismissed.</u>

This case should be converted to a chapter 7 so that a trustee has an opportunity to administer the assets and pay creditors. If the case is dismissed, then Tracey Baron will have unfettered ability to continue to delay foreclosures as he has done for the past four years, all the while collecting rents without paying them to secured creditors.

The DIP account should have $56,000-$60,000 of cash in it. The September monthly report shows cash on hand of $56,225. (That is the same amount of cash reported in August, 2017, yet the September, 2017 report also shows new net income of $2,074 (and continued use of cash without authorization.)) The October rents should have been collected, should

MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7
AND OBJECTION TO DISMISSAL
Page 5

**LAW OFFICE OF SHAWN P. RYAN**
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(703) 417-0477  FAX (503) 417-0475

Case 16-32747-tmb11    Doc 170    Filed 10/25/17

have been deposited into the DIP account, and should increase the cash in the account. Those rents are some combination of rents from 62nd Avenue and the two other rental properties in this case. Based on limited information provided by Debtor, Tracey Baron's testimony at the confirmation hearing on June 1, 2017, and the Second and Third Amended Disclosure Statements, approximately half of that amount is Kimco's cash collateral. To Kimco's knowledge, no other secured creditor has claimed the other approximate half of that cash as its collateral.

If the case is dismissed, there will be no immediate control of the cash in the DIP account, and Debtor will be free to transfer the cash or spend it, leaving Kimco with no remedy in State Court to obtain its converted collateral.

If the case is converted, a trustee will at least have an opportunity to evaluate the assets in the case and possibly make a distribution to creditors. Additionally, the secured creditors of Debtor will be able to negotiate with the chapter 7 trustee for the sale of Debtor's real property through the chapter 7. Such sales may require the secured creditors to release a portion of their sale proceeds for the benefit of unsecured creditors in exchange for the benefit of having a chapter 7 trustee complete the sales. Otherwise, Debtor will likely attempt the same foreclosure avoidance scheme that allowed Debtor and its predecessors to avoid foreclosure for years—four years in the case of 62nd Avenue—and collect the rents prior to foreclosure.

The detriment to creditors of conversion is small. Secured creditors may be slightly delayed in being able to prosecute their foreclosure actions in State Court. However, if the property securing those secured claims has no equity for the chapter 7 estate, then relief from stay can quickly be granted. There are only three real properties in this case and there has

MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7
AND OBJECTION TO DISMISSAL
Page 6

**LAW OFFICE OF SHAWN P. RYAN**
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477 FAX (503) 417-0475

Case 16-32747-tmb11    Doc 170    Filed 10/25/17

been valuation testimony regarding all three properties. Though, that evidence of value may not be binding on a chapter 7 trustee, that evidence will be helpful for a chapter 7 trustee making efficient decisions of how to administer—or not—the three real properties.

The unsecured creditors are likely to have no valuable remedy upon dismissal. Upon conversion, there is at least a reasonable opportunity for unsecured creditors to receive a distribution.

Therefore, for the reasons stated herein, Kimco moves the court for an order of conversion, converting this chapter 11 to a case under chapter 7. Likewise, Kimco objects to the proposed dismissal of the case for the reasons stated herein.

Respectfully Submitted,

Law Office of Shawn P. Ryan

 /s/ Shawn P. Ryan
Shawn P. Ryan, OSB #901137
Attorney for Kimco Properties, LTD

MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7
AND OBJECTION TO DISMISSAL
Page 7

**LAW OFFICE OF SHAWN P. RYAN**
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477  FAX (503) 417-0475

Case 16-32747-tmb11    Doc 170    Filed 10/25/17