

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON**

TRISH M. BROWN
CHIEF JUDGE

1001 SW FIFTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

January 24, 2018

Theodore J. Piteo
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy., Suite 160
Portland, OR 97223

Shawn P. Ryan
620 SW Main St., Suite 612
Portland, OR 97205

**VIA CM/ECF ONLY**

Re:     *In re Crimson Investment Group, LLC*, Case No. 16-32747-tmb11

Dear Counsel:

This matter came before the court on a motion filed by Creditor Kimco Properties, LTD ("Kimco") seeking to convert the above-referenced case to a chapter 7 case (the "Motion," ECF No. 170). I write today to deliver the court's ruling. For the reasons stated herein, I will deny the motion to convert but I will dismiss the case pursuant to the procedure described at the conclusion of this ruling.

Relevant Background
Debtor has unsuccessfully proposed three chapter 11 plans of reorganization, and is now on its fourth amended plan. The prior plan (Third Amended Chapter 11 Plan Dated June 30, 2017, ECF No. 126) was filed on July 10, 2017. On August 17, 2017, the court held a hearing on the third amended plan, at which evidence was received. The confirmation hearing was continued to August 23, 2017, at which time the court denied confirmation of the plan for a variety of reasons, including a finding under § 1129(a)(3) that the Debtor had omitted material information from its disclosure statement in bad faith.

Over a month after the August 2017 confirmation hearing, Debtor still had not filed a fourth amended plan. Thus, the court entered a notice of proposed dismissal for failure to prosecute ("NPD," ECF No. 166). The NPD was served on all creditors. ECF No. 167. Creditor Kimco Properties, LTD. ("Kimco") then filed a motion to convert the case to chapter 7, pursuant to section 1112(b) of the Bankruptcy Code (the "Motion," ECF No. 170). Kimco's Motion was also served on all creditors. ECF No. 175. Two days after Kimco filed its motion, Debtor's attorney, Theodore Piteo, moved to withdraw as counsel, citing Debtor's desire to terminate his services. ECF No. 172. In separate orders, the court set November 29 as the deadline for Debtor to file a fourth amended plan (ECF No. 173) and denied counsel's motion to withdraw

(ECF No. 179). Debtor did not timely file a fourth amended plan. *See* ECF No. 195. Debtor did, however, file an amended plan after the deadline, citing communications problems between Debtor's management and bankruptcy counsel. Kimco continued to seek conversion of the case, and the court held a hearing on the Motion on December 13, 2017. Debtor was represented by Mr. Pito and Kimco was represented by Shawn Ryan.

Legal Standard

A bankruptcy court may dismiss or convert a chapter 11 case for cause. 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) provides a list of situations that constitute cause, but that list is nonexclusive. *St. Paul Self Storage L.P. v. Port Auth. of the City of St. Paul (In re St. Paul Self Storage L.P.)*, 185 B.R. 580, 582 (9th Cir. BAP 1995). If the court determines that cause exists, it must then apply a balancing test "to choose between conversion and dismissal based upon the best interests of the creditors and the estate." *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 729 (9th Cir. BAP 2008).

Analysis

I find that cause exists to convert or dismiss this case for four independent reasons. First, Debtor has failed to file a monthly operating report for December 2017. This constitutes cause for dismissal or conversion pursuant to § 1112(b)(4)(F); *see also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) ("Timely and accurate financial disclosure is the life blood of the Chapter 11 process. Monthly operating reports are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it to do something. They are the means by which creditors can monitor a debtor's post-petition operations. . . . Thus, the failure to file operating reports in itself constitutes cause for dismissal." (citations and internal quotation marks omitted)).

Second, the testimony of Debtor's manager, Tracey Baron, at the December 13, 2017 hearing provides adequate grounds for me to find gross financial mismanagement of the Debtor. Mr. Baron had ample notice of the hearing and the basis for Kimco's Motion. Despite this warning, Mr. Baron was unprepared to explain basic details of the Debtor's financial activity. Under examination by Kimco's counsel, Mr. Baron identified numerous deposits made into incorrect accounts, admitted to continued use of an unauthorized pre-petition bank account, was unable to explain the origin of a $33,000 deposit, conceded material mistakes on Debtor's financial statements, and had difficulty recalling whether he had signed Debtor's monthly operating reports. In addition, Kimco has proven that it holds a security interest in rents and proceeds generated by one of Debtor's properties, yet Debtor has failed to segregate and account for this cash collateral as required by § 363(c)(4). As he has done in other chapter 11 cases in this court, Mr. Baron attempted to cast blame on others, despite the fact that *he* is the manager of the Debtor and is ultimately responsible for ensuring that the Debtor discharges its fiduciary duties. Mr. Baron's failure to comply with the requirements of the Bankruptcy Code and Rules, as well as his inability to explain the relatively uncomplicated financial history of the Debtor, convinces me that he is unable to discharge his fiduciary duties in this case, and cause exists to dismiss or convert the case under § 1112(b)(4)(B).

Third, Debtor failed to file a fourth amended plan and disclosure statement by the deadline set

by the court. This constitutes cause for dismissal or conversion under § 1112(b)(4)(J). Admittedly, Debtor did file a plan and disclosure statement shortly thereafter, and in many cases this almost-timely performance could be excused. Not so in this case, given the surrounding circumstances, as described in detail in the following paragraph.

Finally, although Debtor's precarious relationship with its attorney does not fall within the list enumerated in § 1112(b)(4), I find that it constitutes a non-enumerated basis for cause. Debtor apparently attempted to terminate Mr. Piteo as counsel on or about October 23, 2017. Decl. of Theodore Piteo (ECF. No. 172) ¶ 4. Because a business entity such as this Debtor may only appear in court through a licensed attorney, the court denied Mr. Piteo's withdrawal motion on November 14, 2017. At the November 14 hearing, the court urged Debtor to obtain replacement counsel as expeditiously as possible. Not only has Debtor failed to obtain new counsel, but the strained working relationship between Debtor and Mr. Piteo has become increasingly apparent. Debtor has blamed vague "communication problems" with Mr. Piteo for the late filing of its fourth amended plan. *See* ECF No. 195. At the December 13 hearing on Kimco's Motion, Mr. Baron also sought to blame Mr. Piteo for Debtor's failure to correct inaccurate monthly operating reports. Notably, the court personally advised Mr. Baron on December 13 that immediate retention of new counsel was critical if this case were to proceed. Notwithstanding repeated warnings, Debtor has failed to obtain new counsel. It is unfair to require Mr. Piteo to continue in this untenable working relationship, and without an attorney Debtor is unable to confirm a plan. Accordingly, Debtor's failure to secure new counsel constitutes additional cause for conversion or dismissal.

Having found cause, the next inquiry under § 1112(b) is whether conversion or dismissal is in the best interests of creditors and the estate. Kimco urges conversion to chapter 7 so that a trustee can oversee the disposition of Kimco's collateral. I am unpersuaded by Kimco's argument. There is no evidence indicating that a chapter 7 liquidation would produce any recovery for unsecured creditors. On the other hand, dismissal would avoid the costs of a chapter 7 trustee, while allowing secured creditors such as Kimco to exercise their state-law remedies. Accordingly, I find that dismissal of the case is the appropriate action.

Conclusion

Cause exists to dismiss this case. I am mindful, however, that § 1112(b)(1) allows dismissal only after notice and a hearing. It is true that all creditors previously received notice of the court's NPD *and* Kimco's Motion, and that an evidentiary hearing was held on the Motion on December 13, 2017. Nonetheless, the Motion sought conversion of the case and expressly objected to dismissal. For purposes of § 1112, "notice and hearing" means "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Under Federal Rule of Bankruptcy Procedure 2002(a)(4), creditors are typically entitled to twenty-one days' notice of the proposed dismissal of a chapter 11 case, but given the unique procedural history in this case, I conclude that a shortened notice period is appropriate in this situation. The court is authorized to shorten notice of dismissal for cause shown. Fed. R. Bankr. P. 9006(c).

For the reasons stated above, the court will enter an order and notice of proposed dismissal

concurrent with the entry of this letter ruling. Unless a party in interest requests relief under Federal Rule of Bankruptcy Procedure 9023 within fourteen days of the entry of the aforementioned order and notice, this case will be dismissed without further notice or hearing. The court cautions the Debtor that until an order of dismissal is entered, Debtor remains subject to all duties and requirements imposed by the Bankrutpcy Code and Rules.

Very truly yours,

Trish M. Brown

cc: Office of the U.S. Trustee